Richard Mah, Esq., SBN 149148
Aaron J. Flores, Esq., SBN 268279
John L. Jones II, Esq., SBN 225411
HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 North Lake Avenue, 7th Floor
Pasadena, California 91101-1807
Phone: (626) 440-5200    Fax: (626) 796-0107

Attorneys for Reliable Design and Construction Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:15-BK-10239-SK |
| HUE CHAU AKA JIMMY CHAU, | Chapter 13 |
| Debtor. | **REPLY IN SUPPORT OF RELIABLE DESIGN AND CONSTRUCTION INC.'S MOTION FOR RELIEF FROM STAY (NON-BANKRUPTCY FORUM)** |
| | **Hearing** |
| | Hearing Date:    February 24, 2015 |
| | Hearing Time:    8:30 a.m. |
| | Courtroom:    1575 |
| | Floor:    15th |

690244.1 JJ 3841.002

REPLY IN SUPPORT OF RELIABLE DESIGN AND CONSTRUCTION INC.'S
MOTION FOR RELIEF FROM STAY (NON-BANKRUPTCY FORUM)

Movant Reliable Design and Construction Inc. ("Reliable") hereby submits its brief in response to the opposition (the "Opposition") filed by Hue Chau, the debtor herein ("Chau" or the "Debtor"), to Movant's Motion for Relief form Stay (the "Motion")[1], and respectfully states as follows.

## I. INTRODUCTION

The Debtor's motive in filing this bankruptcy case is quite transparent. Over the past nineteen months the Debtor has done everything in his power to obstruct and delay the inevitable consequences of the State Arbitration Action. Having run out of options, the Debtor filed for bankruptcy just a few days prior to the deadline for him to respond to Reliable's motion for attorney's fees, costs, and interest. In his Opposition, the Debtor submitted a declaration in which he admits that he is unhappy with the results of the State Arbitration Action. He claims that the Arbitrator was biased against him, and that this is why he needs the bankruptcy court to determine the issue of attorney's fees, costs, and interest. Mr. Chau has presented this court with **no evidence**, admissible or otherwise, of any bias on the part of the Arbitrator. The simple fact is that after listening to six days of testimony, and weighing all the available evidence, the Arbitrator decided in Reliable's favor on most, but by no means all, of the issues. As proof of this, Reliable refers the Court to the fact that the Arbitrator ruled in the Debtor's favor with respect to Reliable's claim for damages due to delay. *See* Motion, Exh. D at 12:20-13:20. That decision reduced Reliable's damages by $70,000. A biased finder of fact would not have ruled in that manner.

The Opposition fails to address the majority of the points raised in the Motion. As stated above, the Debtor does not deny that he filed for bankruptcy in an attempt to frustrate the State Arbitration Action and to forum shop for a more favorable venue. Indeed, the Debtor submitted a declaration that effectively claimed that this was precisely his aim. A judicial admission of this sort is prima facie evidence of bad faith. Furthermore, the Debtor does not deny that he has misinformed the Court by failing to list Reliable's mechanic's lien in his schedules. He does not

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

690244.1 JJ 3841.002

1

REPLY IN SUPPORT OF RELIABLE DESIGN AND CONSTRUCTION INC.'S
MOTION FOR RELIEF FROM STAY (NON-BANKRUPTCY FORUM)

deny that he directed his non-bankruptcy counsel to threaten and harass Reliable into removing its mechanic's lien. Finally, he does not deny engaging in any of the dilatory and obstructive tactics that Reliable listed in its Motion.

The only point the Debtor takes issue with is Reliable's references to the property located at 14146 Benbow Street, Baldwin Park, CA 91706. Here, the Debtor states that he made a mistake in his schedules, and that this is not evidence of bad faith. He also claims that there is no official address of 14146 Benbow Street, Baldwin Park, CA 91706. But if this last point is true, then one must ask why the Benbow Street address is listed as the Debtor's residential address on the first page of the bankruptcy petition. Regardless, Movant's mechanic's lien clearly states that it applies to Assessor Parcel Number 8543-012-022. A review of the Debtor's revised schedule A, which still omits Movant's mechanic's lien, lists the same parcel number. Thus, Movant's mechanic's lien applies to the property regardless of which street address the Debtor wishes to use.

## II.  THE BANKRUPTCY CASE WAS FILED IN BAD FAITH.

By his declaration, the Debtor admits that he filed for bankruptcy so that a different judge could rule on the issue of attorney's fees, costs, and interest. Bad faith is grounds for relief from the automatic stay to permit a pending state court action to proceed. *See, e.g., In re Kissinger*, 72 F.3d 107, 109 (9th Cir. 1995) (finding bad faith where a debtor filed for bankruptcy immediately before state trial was to go to jury). Courts have made similar findings in the Chapter 13 context. For example, in *In re Chinichian*, 784 F.2d 1440 (9th Cir. 1986), the Ninth Circuit held that a relevant consideration with respect to whether a Chapter 13 case has been filed in bad faith is "whether 'the debtor only intended to defeat state court litigation." *Id*. at 1445-1446.

The Debtor's clear intent to forum shop is prima facie evidence of bad faith. Through his declaration, the Debtor states that he wants a different judge (i.e. one without knowledge of his prior bad acts in the State Arbitration Action), to rule on the appropriateness of the attorney's fees, costs, and interest in the case. Bankruptcy courts have regularly dismissed chapter 13 cases for just this sort of behavior. *See, e.g., In re Eisen*, 14 F.3d 469, 470-471 (9th Cir. 1994) (affirming dismissal of bankruptcy petition where the only purpose was to defeat state court litigation). *See also In re Silberkraus*, 253 B.R. 890, 905 (Bankr. C.D. Cal. 2000)("it constitutes bad faith to file

690244.1 JJ 3841.002

2

bankruptcy to impede, delay, forum shop, or obtain a tactical advantage regarding litigation ongoing in non-bankruptcy forum - whether that non-bankruptcy forum is a state court or a federal district court."). Furthermore, a review of the Debtor's chapter 13 plan shows that Reliable is the **only** creditor that will be affected by the Debtor's bankruptcy filing. As a result, relief from stay should be granted so that Reliable's claim can be liquidated.

### III. AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY WILL NOT PREJUDICE THE DEBTOR, BUT A DENIAL OF THE REQUESTED RELIEF WILL PREJUDICE MOVANT

Chau claims that Movant will not be prejudiced by an order denying relief because Reliable can participate in the claims adjudication process. This is simply untrue. The hardship on Movant in proceeding through the claims adjudication process is substantial. Reliable has already fully litigated the matter in arbitration, with only the issue of attorney's fees, costs, and interest remaining. Adding what will in effect be a new trial through the claims administration process, when an arbitration has already been conducted, is unreasonable, unfair, and is not a proper use of the bankruptcy courts. It is also a waste of court resources. The Arbitrator is already fully familiar with the case, and is also in the best position to determine the reasonableness of Movant's fee request in light of Chau's dilatory and obstructive behavior in the State Arbitration Action. Bringing the matter anew, before a court without this level of familiarity will result in a waste of resources as the Court and its staff bring themselves up to speed. In addition, as a newly contested matter, the Court will need to schedule hearings, which will drain even more time and resources.

In contrast, the Arbitrator is already familiar with the facts of the case and is ready to act. Once the briefs have been submitted, the Arbitrator will take the matter under submission and render a decision. After that decision has been made, Movant need only petition to certify the judgment to liquidate its claim. Once the claim has been liquidated, there will be **no need** for a claims adjudication process, as the liquidated amount will be binding. Thus, allowing Reliable to liquidate its claim will greatly assist this Court in connection with Chau's Chapter 13 case.

1   Finally, there is no prejudice at all to the Debtor. To the extent the Debtor disagrees with
2   Reliable's fee request, he can express that disagreement in his opposition papers, which he will
3   need to prepare in any event. After submitting his opposition to Reliable's motion for attorney's
4   fees, the Debtor's role in the State Arbitration Action will be complete. If Chau is prepared to
5   effectively proceed with a full-trial in bankruptcy court, then there is no reason he would not be
6   able to file an opposition brief before the Arbitrator.

## IV. CONCLUSION

Based upon the foregoing, Reliable respectfully submits that "cause" exists to lift the automatic stay. For these reasons, Reliable respectfully requests that its Motion be granted.

DATED: February 17, 2015

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.


By:   /s/ John L. Jones II
       JOHN L. JONES II
Attorneys for Reliable Design and Construction Inc.

690244.1 JJ 3841.002

4

REPLY IN SUPPORT OF RELIABLE DESIGN AND CONSTRUCTION INC.'S
MOTION FOR RELIEF FROM STAY (NON-BANKRUPTCY FORUM)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

301 North Lake Avenue, 7th Floor, Pasadena, California  91101-1807

A true and correct copy of the foregoing document entitled (*specify*):  Motion for Relief from Stay (Non-Bankruptcy Forum)
_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/17/2015____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 02/17/2015_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Sandra R. Klein
United Bankruptcy Court - Central District of California
255 East Temple Street, Suite 1582
Los Angeles 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/17/2015 | Natalie Urbino | /s/ Natalie Urbino |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION:**

**By NEF**

CHAPTER 13 TRUSTEE: Kathy A. Dockery (TR) - efiling@CH13LA.com

OFFICE OF THE U.S. TRUSTEE:
United States Trustee (LA) - ustpregion16.1a.ecf@usdoj.gov

ATTORNEY FOR DEBTOR: M Wayne Tucker - tucker@waynetuckerlaw.com

ATTORNEY FOR JP MORGAN CHASE BANK: Merdaud Jafarnia - bknotice@mccarthyholthus.com

**By Overnight Mail**

DEBTOR:
100 S Mockingbird Lane
West Covina, CA  91706

ATTORNEY FOR DEBTOR:
M Wayne Tucker
Orrock Popka Fortino Tucker & Dolen
1533 Spruce St, Ste 100
Riverside, CA  92507

OFFICE OF THE U.S. TRUSTEE:
United States Trustee (LA)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017

CHAPTER 13 TRUSTEE:
Kathy A. Dockery
700 S. Flower Street, Suite 1950
Los Angeles, CA  90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**