Scott W. Carlson, State Bar No. 105365
Carlson & Nicholas, LLP
301 East Colorado Boulevard, Suite 320
Pasadena, California 91101-1921
Tel.: (626) 796-6161
Eax: (626) 796-0593
Email scott@carlsonnicholas.com

Attorneys for Creditor Reliable Design and
Construction, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO. 2:15-bk-10239-SK |
| Hue Chau | CHAPTER: 7 |
| Debtor | OPPOSITION TO DEBTOR'S MOTION FOR ORDER VACATING ORDER TO CONVERT TO CHAPTER 7 OR AN ORDER RE-CONVERTING TO CHAPTER 13 |

Date: November 5, 2015
Time: 9:00 A.M.
Place: Courtroom 1575
U.S. Bankruptcy Court
255 Temple St.
Los Angeles, CA 90012

## I.

## BACKGROUND

Reliable's claim against that Debtor arises out of a construction contract with Debtor concerning the Benbow Property described in the motion. Reliable's pre-bankruptcy arbitration award was recently reduced to a judgment in the amount of $376,861.83. Reliable has a recorded mechanic's lien against the Benbow Property in the amount of $157,703.10. Reliable believes that Debtor's properties, and business have been substantially undervalued, and that there are more than sufficient assets to pay Reliable's judgment in full.

This proceeding was originally filed as a Chapter 13 case on January 7, 2015, shortly after the arbitrator entered his award in favor of Reliable and against Debtor. The case was converted at the Debtor's request to avoid dismissal because the Debtor could not set forth a confirmable Chapter 13 plan. Debtor now contends that he can do so, and asks this Court to re-convert the case to Chapter

---

1

1  13. However, there are no changed circumstances. Debtor has only brought the motion because the

2  Chapter 7 trustee has retained a broker to sell the Benbow Property.

3  Debtor's motion seeks to vacate the order to which the Debtor agreed, or alternatively, to re-

4  convert to Chapter 13. Debtor sets forth no grounds to vacate this Court's prior order converting this

5  case. Thus, Debtor's motion for an order to vacate should be denied.

6  Since the case was already converted at Debtor's request from Chapter 13 to Chapter 7,

7  Debtor has no right to re-convert back to Chapter 13. See, In re Banks (Bankr. E.D. Mich. 2000) 252

8  B.R. 399, 402-03; In re Hanna (Bankr. M.D. Fla. 1989) 100 B.R. 591, 593.

9  The motion should be denied.

## II.

## LEGAL ARGUMENT

A.   Debtor Is Not Entitled to Re-convert this Case to Chapter 13.

Debtor apparently contends that he has not lost his absolute right to convert under 11 U.S.C. Section 706(a) because he "did not request conversion but allowed the case to be converted to Chapter 7." This is ridiculous. Facing dismissal or conversion of his Chapter 13 case because he could not produce a confirmable plan, the debtor chose a voluntary conversion to Chapter 7. As such, he has lost his right to convert to Chapter 13 under Section 706(a). In re Banks, supra at 402-403; In re Hanna, supra at 593. Those cases are on point. They both involved attempts by the Debtor to re-convert to a Chapter 13 after having voluntarily converted to a Chapter 7 from a Chapter 13.

In each of those cases the debtor contended, as does the Debtor in this case, that even though there is a bar on a debtor's absolute right to convert under 706(a), there is a discretionary right to conversion under 706(c). Banks and Hanna both rejected this argument with persuasive reasoning. (Id). The Hanna court stated:

> "Similarly, in In re Richardson, 43 B.R. 636 (Bkrtcy.M.D.Fla.1984), the court focussed on the legislative history of § 706(a) to find that a debtor does not have a right to convert a case to Chapter 13 or 11 after having already made the decision to convert from Chapter 11 or 13 to Chapter 7. According to that court, § 706(c) is not an exception to § 706(a), and is instead part of the prohibition against involuntary Chapter 13 cases, and prohibits the court from converting a case to a Chapter 13 without the debtor's consent. See, H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1978), U.S.Code Cong. &

C:\Users\Scott\Documents\ma opposition to motion to re-convert 2.wpd

Admin.News, p. 5787 (1978).This Court agrees with the rationale of In re Richardson and finds that § 706(c) does not provide an exception to § 706(a). The two sections are mutually exclusive and must be read independently of each other. Section 706(c) neither adds to or creates an exception to § 706(a)."
Hanna, supra at 591.

The Banks court reached a similar conclusion, noting in particular the harm of delay caused by repeated motions:

"While it can be argued that making the right to convert discretionary with the court would curb the possible abuse of repeated conversions, such an interpretation would not prevent repeated attempts to convert. The harm of delay remains a real possibility with a discretionary right to convert, since a hearing upon due notice would be required in each instance to evaluate the debtor's motive and other relevant considerations."
Banks, supra at 402-403.

The Debtor has already gone to great lengths to delay the arbitration and to avoid paying Reliable. Further delay will be prejudicial to Reliable.

B.  There Are No Changed Circumstances That Would Justify Re-conversion. The Proposed Plan Is Dead on Arrival.

There are no changed circumstances that would justify re-conversion to Chapter 13. While this is not a hearing on Debtor's "new" plan, the "new" plan contains the same defects as the original plan.

For example:

1.  With respect to Reliable's $157,703.10 secured claim, the Debtor does now recognize that the entire secured claim must be paid. However, the Debtor does not provide for the payment of interest. Reliable is entitled to interest on its secured claim. The plan does not pay Reliable the allowed amount of its claim as required by 11 U.S.C. Section 1325(a)(5)(B)(ii).

2.  The Debtor's liquidation analysis is not supported. For example, the Debtor's real property values are not supported by any independent anaysis. Further his value of only $10,000 for his JMPC stock is not supported when the company appears to have annual sales of $1,600,000.00 to $3,000,000.00. Reliable believes that there are more than adequate assets to pay all creditors in full. Further, there is no discount analysis of the amount proposed to be paid since the plan does not provide for payment of any interest. The plan is not confirmable under 11. U.S.C. Section 1325(a)(4).

3.  The plan is not feasible because it relies on payments by several family

members for 5 years. This is simply too speculative.

The above examples are intended to illustrative and not exhaustive.

Further, there are issues concerning Debtor's disclosure of his assets. Debtor did not disclose in his schedules his interest in a property he owned with his sister. He quitclaimed his interest in that property to her in 2014, a few months before he filed his original petition. After Reliable alerted the Chapter 7 trustee of this transaction, the Debtor filed an amendment in which he contended that he did not in fact have ever have any interest in that property. However, he took title to the property with his sister in 2004, and stayed on title for more than 10 years! A Chapter 7 trustee has the power to locate and avoid preferential and fraudulent transfers, which will increase the assets in the estate and the overall payout to creditors. See, Cox v. Cox, 247 B.R. 556,565 n.13 (Bankr. D. Mass. 2000).

III.

CONCLUSION

The Debtor has gone to great lengths to delay Reliable in collecting its claim. This motion is another delay tactic designed to drag this matter out. The Court should not allow re-conversion. For all of the above reasons, Reliable requests that the Court deny the motion and let this matter proceed as a Chapter 7 where it belongs. The Chapter 7 trustee will be able to maximize the estate and protect creditors.

Respectfully Submitted,

CARLSON & NICHOLAS, LLP

Date: October 22, 2015            By:    /s/ *Scott W. Carlson*
                                         Scott W. Carlson, Attorneys for Creditor
                                         Reliable Design and Construction, Inc.

C:\Users\Scott\Documents\ma opposition to motion to re-convert 2.wpd

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
301 E. Colorado Boulevard, Suite 320, Pasadena, CA 91101

A true and correct copy of the document entitled (*specify*):    **OPPOSITION TO DEBTOR'S MOTION FOR ORDER VACATING ORDER TO CONVERT TO CHAPTER 7 OR AN ORDER RE-CONVERTING TO CHAPTER 13** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 22, 2015 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On October 22, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Sandra R. Klein
Roybal Federal Building
255 E. Temple St., Suite 1575
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 22, 2015 | Scott W. Carlson | /s/ Scott W. Carlson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE

Served via NEF

- **Scott W Carlson**    scott@carlsonnicholas.com, swcarl@pacbell.net
- **Anthony A Friedman**    aaf@lnbyb.com
- **Merdaud Jafarnia**    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- **John L Jones**    jones@huntortmann.com, qualia00@gmail.com
- **M Wayne Tucker**    tucker@waynetuckerlaw.com, opftdecfmail@gmail.com;G19861@notify.cincompass.com;opftdlaw@gmail.com;hazel@waynetuckerlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Edward M Wolkowitz (TR)**    emwtrustee@lnbrb.com, ewolkowitz@ecf.epiqsystems.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE